IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-CR-00209-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KASIN ALEX | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motions of the defendant for a reduction of sentence based on the retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine. (Doc. Nos. 102, 109).

The defendant was sentenced on July 1, 2009, to 60 months' imprisonment pursuant to the mandatory minimum sentence prescribed in 21 U.S.C. § 841(b)(1)(B), based on his plea to conspiracy to possess with intent to distribute at least 5 grams but fewer than 50 grams of a mixture and substance containing cocaine base.[1] (Doc. No. 58: Plea Agreement; Doc. No. 97: Judgment; Doc. No. 98: Statement of Reasons; Pre-sentence Report at ¶ 14). Accordingly, the change in the guidelines does not affect the defendant's sentence. Neal v. United States, 516 U.S. 284, 296 (1996) (retroactive amendment to guidelines does not alter statutory mandatory minimum); United States v. Hood, 556 F.3d 226, 233 (4th Cir. 2009).

The defendant, pro se, seeks retroactive application of the lower mandatory minimum sentences in the Fair Sentencing Act of 2010. (Doc. No. 102: Motion at 2). However, the Supreme Court has ruled that the more lenient penalties apply to conduct occurring before

---

[1]  The defendant was also sentenced to a consecutive term of 60 months' imprisonment for a violation of 18 U.S.C. § 924(c). (Doc. No. 97: Judgment)

August 3, 2010, but sentenced after that date. <u>Dorsey v. United </u>States, 132 S. Ct. 2321, 2335

(2012).  The defendant was sentenced prior to the effective date of the Act; therefore, he is not

entitled to relief based on that change in the law.

     **IT IS, THEREFORE, ORDERED** that the defendant's motions are **DENIED**.

Signed: October 7, 2013

Robert J. Conrad, Jr.
United States District Judge